UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY DEANDRE DAVIS-BEY,

    Plaintiff,

v.                                              Case No. 14-12167

STATE OF MICHIGAN, et al.,

    Defendants.

                                                        /

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

On June 2, 2014, Plaintiff filed an incoherent forty-three page "Affidavit/Legal Notice of Removal and Counterclaim Memorandum of Law," in which he makes "the Ultimate Claim to legal freedom" as a "Pre-Columbian Indigenous Moorish-American." (Dkt. # 1, Pg. ID 2.) At various points in his filing, he seems to seek removal of an unidentified state court action against him, redress for violations of his constitutional rights, disqualification of all courts, judges, and lawyers from his case, copyright claims, and perhaps even a claim under the Uniform Commercial Code. However, none of his allegations or requests for relief are presented in a coherent or understandable manner. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis.* The court will grant Plaintiff's application to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a)(1),[1] and then dismiss Plaintiff's complaint for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

---

[1]In his application to proceed *in forma pauperis*, Plaintiff states that he earns $710 a month, and has $710 in his bank account. He has no other assets and is responsible for one dependent, Deion Davis-Bey. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 570).  Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).  To avoid dismissal, Plaintiff's complaint must cross "the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

The court finds that Plaintiff has failed to state a claim against Defendants.  To start with, it is unclear what Plaintiff is claiming.  He begins by asserting that he is an independent sovereign entity, and thus not subject to the laws of Michigan or the United States.  The gravamen of his complaint seems to be that on August 5, 2013, he was pulled over by two police officers, whom he characterizes as "privateers."  The officers ordered him to place his hands outside of the vehicle, and then tazed him.  (Dkt. # 1, Pg. ID 19.)  He further states that he was issued three "local ordinance violations," was processed into a "foreign enclave and kidnaped" (presumably, he means a police station), and held for a "ransom of $1,500," which he alternately characterizes as "booty."  (*Id.* at Pg. ID 19, 28.)  No additional detail is provided.

Instead, Plaintiff embarks on a lengthy (and mostly incomprehensible) diatribe against the "Corporation of the United States," the Michigan State Bar, the United States Flag, the Wayne County 36th District Court, and President Barack Obama.  Plaintiff's allegations are "fantastic or delusional."  *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008).  Because Plaintiff does not have even an arguable claim to relief, the

court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Dkt. # 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522